# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 1:03CR98 LG |
| § | |
| SONNIE LAMONT ANDERSON § | |

## ORDER DENYING MOTION TO RECONSIDER SENTENCE REDUCTION

BEFORE THE COURT is the *pro se* Motion to Reconsider [90] filed by the Defendant, Sonnie Lamont Anderson. On August 26, 2008, the Court granted Defendant's Motion for Reduction of Sentence [89] pursuant to 18 U.S.C. § 3582(c)(2) and Federal Rule of Criminal Procedure 43(b)(4). Defendant's crack cocaine sentence was reduced from 136 to 116 months imprisonment. Anderson now requests that the Court further reduce his sentence to time served[1] or in the alternative, grant an additional downward departure from the applicable Sentencing Guidelines, and sentence him to 110 month term of imprisonment. Anderson essentially argues that the Court should lower his crack cocaine sentence below the amended sentencing guideline range because *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *Kimbrough v. United States*, ___ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), have rendered the guidelines advisory only, even in a sentencing reduction proceeding under 18 U.S.C. § 3582(c)(2).

### DISCUSSION

Anderson entered a guilty plea to a charge of possession with intent to distribute cocaine base. At sentencing Anderson was held accountable for 43.4 grams of cocaine base, which

---

[1]Anderson has already served 57 months imprisonment.

yielded a base offense of level of 30. A three level reduction for acceptance of responsibility was applied, resulting in a total base offense level of 27. Based upon his total offense level and a criminal history category of IV, the guideline imprisonment range was 130-162 months. Anderson received a guideline sentence which included a 136 month term of imprisonment, a four year term of supervised release, and a mandatory assessment of $100.[2]

Anderson filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).[3] The amended guideline imprisonment range was 110 to 137 months. After consideration of the sentencing factors under 18 U.S.C. § 3553(a), the motion was granted and Anderson's sentence of imprisonment was reduced to 116 months.

The majority of the circuits that have addressed the issue raised in Anderson's Motion to Reconsider, have held that *Booker* and *Kimbrough* do not apply to § 3582(c)(2) motions. *United States v. Starks,* 551 F.3d 839 (8th Cir. 2009); *United States v. Dunphy,* 551 F.3d 247 (4th Cir. 2009); *United States v. Rhodes,* 549 F.3d 833 (10th Cir. 2008); *United States v. Melvin*, 556 F.3d 1190 (11th Cir. 2009). Only the Ninth Circuit has held that *Booker* prohibits any limitation on a district court's discretion in reducing a sentence under § 3582(c)(2). *United States v. Hicks,* 472 F.3d 1167 (9th Cir. 2007).

Upon the filing of the § 3582(c)(2) motion for sentence reduction, the Court was authorized to consider the sentencing factors set forth under 18 U.S.C. § 3553(a) and reduce Anderson's term of imprisonment, as long as the reduction was consistent with the applicable

---

[2]The Court accepted the Government's plea agreement recommendation that Anderson be sentenced within the lower 25% of the applicable sentencing guideline range.

[3]Anderson was represented by the Federal Public Defender.

Sentencing Commission policy statement. The applicable sentencing guideline policy statement limits the reduction to a term of imprisonment within the amended guideline range.[4] In Anderson's case the Court was prohibited from reducing the term of imprisonment below 110 months. According to the majority of the circuits that have considered the issue, neither *Booker* nor *Kimbrough* prohibit the limitations imposed by § 3582(c)(2) and the applicable Sentencing Commission policy statement on the Court's authority to reduce a crack cocaine sentence of imprisonment .

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Reconsider [90] filed by the Defendant, Sonnie Lamont Anderson, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2009.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE

---

[4] "Except as provided in subsection (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A).